GULF COAST TRANSP. CO. v. RUDDOCK-ORLEANS CYPRESS CO.

(District Court, E. D. Louisiana. February 15, 1927.)

No. 16725.

Navigable waters ⬤⟶24—Owner, failing to mark sunken barge, held liable for injury to vessel striking wreck (Comp. St. §§ 9920, 9924).

Where the owner of a barge sunk in a navigable channel failed to mark it, as required by Act March 3, 1899, §§ 15, 19 (Comp. St. §§ 9920, 9924), the fact that it took no action for its removal within 30 days did not effect an abandonment, which relieved it from liability for injury to another vessel by striking the wreck.

In Admiralty. Suit by the Gulf Coast Transportation Company against the Ruddock-Orleans Cypress Company. Decree for libelant.

Walter Carroll (of Terriberry, Young, Rault & Carroll), of New Orleans, La., for libelant.

Stamps Farrar (of Dufour, Goldberg & Kammer), of New Orleans, La., for respondent.

BURNS, District Judge. Libelant, as owner of the tug Catherine, claims damages, in personam, against respondent as the owner of a sunken barge, growing out of a collision on June 28, 1921, alleging that the wreck was allowed to remain unmarked, though submerged, in a navigable stream. There is no dispute as to the fact of collision, and none as to the quantum of damage.

Respondent contends that it is relieved of liability by virtue of an alleged contract of sale under which the purchaser assumed liability, or, in the alternative, by abandonment under the statute (Act March 3, 1899, §§ 9 to 20, 30 Stat. 1151; Barnes' Fed. Code, § 9375 et seq.), and that the general admiralty law absolves the owner from liability for damage caused by abandoned wrecks, citing Hughes on Admiralty, p. 303; Winpenny v. Philadelphia, 65 Pa. 135; The Utopia, [1893] App. Cas. 502; Taylor v. Atlantic M. I. Co., 37 N. Y. 275.

The policy of the law is to relieve the owner of a sunken vessel from further liability; the theory being that he has suffered a sufficient loss in the loss of the craft and has no further interest in it, provided always that he has abandoned it. The further theory of the law is that, if the sunken vessel is in a location or condition such as to make it an impediment or obstruction or menace to navigation, its disposition or removal is a matter of public concern.

My conclusion upon the evidence is that respondent failed to mark the wreck as required by the statute during or at any time subsequent to its sinking and up to the time of collision; that during this period of more than 30 days prior to the collision—that is, from before May 14, 1921, to June 28, 1921—the respondent retained control as owner, as evidenced by the negotiation of a contract for its salvage and removal with the Canulette Shipbuilding Company, and by its failure to affirmatively abandon the wreck upon receipt of notice from the government to do so.

Respondent contends that it considered that a valid transfer had been made to the Canulette Shipbuilding Company, whereas the principal officer of that company denies receipt of the letter by which this transfer could have been effected. He admitted having negotiated with respondent and agreed

upon terms by which his company was to receive the barge, or such of it as could be salvaged in consideration of the cost of its removal. However, he required this contract to be reduced to writing. Respondent did write the necessary confirmatory letter, but it was unsigned when received by Mr. Canulette, whereupon he returned it for signature, and swears he never received it again. Respondent's own witness, Dunn, testified that the letter contemplated a contract of removal, by which Canulette was to take the barge in consideration for its removal, and that respondent's purpose was to comply with the notice received from the government. Under these circumstances, there is no justification for the contention that a valid transfer had been made to the Canulette Shipbuilding Company, whose liability could not begin nor that of the respondent end until the contract under negotiation had been concluded by the necessary writing, and had become executory and binding on the parties.

The alternative contention seems predicated upon a distorted view of the statute. Repeating the assertion that it took no steps to remove the barge, exerted no acts of ownership, and did not mark the submerged wreck for more than thirty days prior to June 28, the date of the collision, claimant insists that abandonment is presumed, and therefore they are not liable.

Sections 15 and 19 of the act (Comp. St. §§ 9920, 9924) are quoted to the effect that it is the duty of the owner to mark the place and maintain the mark until the vessel "is removed or abandoned" and the failure of the owner so to do "shall be considered as an abandonment" of the vessel "and subject" it "to removal by the" government. In other words, respondent's contention is that by violating the statute it is to profit at the expense of another by its own turpitude; whereas, the plain purpose of the statute is to relieve the government of liability in such cases by a presumption of abandonment in its favor, when it becomes necessary for the Secretary of War to proceed under the statute with the removal of such obstructions from navigable waters in the public interest, and to put the burden of the loss on such recalcitrant owners after the thirty-day period has elapsed.

Accordingly there will be a decree, with costs, in favor of libelant.